IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALPHA JAMES BADEAUX § | |
|     Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO: H-09-4127 |
| § | |
| RICK THALER, § | |
|     Director of the Texas Department § | |
|     of Criminal Justice - Correctional § | |
|     Institutions Division, § | |
|         Respondent. § | |

**AMENDED MEMORANDUM AND RECOMMENDATION**

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 3). The court previously recommended that the petition be denied with prejudice (Dkt. 10), and Badeaux objected. The court then ordered a response to Badeaux's argument for equitable tolling (Dkt. 13). The court again recommends that Badeaux's petition be denied with prejudice.

**Background**

Badeaux is challenging his October 13, 2005 conviction in the 359th District Court for Montgomery County, Texas in case number 05-02-01288-CR. His conviction was affirmed on April 4, 2007. His petition for discretionary review was denied August 22, 2007. He did not file a petition for writ of certiorari with the United States Supreme Court. This federal petition was filed on December 18, 2009, when Badeaux placed it in the prison mail.[1]

---

[1] *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998).

**Analysis**

    A.    **Statute of Limitations**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Badeaux's conviction was final on November 20, 2007 when his time for filing a petition for writ of certiorari expired. Therefore, his federal statute of limitations expired a year later on November 20, 2008. Because he filed his state court writ application on August 9, 2009, months after the federal period had already expired, § 2244(d)(2) does not extend the one year period established by § 2244(d)(1)(A). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Badeaux contends that his statute of limitations should be tolled because he was not given timely notice of the denial of his petition for discretionary review.[2] Equitable tolling of AEDPA's one-year statute of limitations is available only "in rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "Long delays in receiving notice of state court action may warrant equitable tolling." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). To warrant such tolling, the petition must show that he pursued habeas relief with "diligence and alacrity." *Id.* It is the petitioner's burden to establish that equitable tolling is warranted. *Id.*

The Texas Court of Criminal Appeals refused Badeaux's petition for discretionary review on August 22, 2007. Badeaux did not file his state habeas petition until almost two years later, on August 6, 2009. The mail log submitted by Badeaux (Dkt. 12, ex. A) indicates that he received mail from the attorney who filed his PDR in June 2008. He also received mail from the district court in October 2007 and in 2008. It seems plausible that these communications alerted Badeaux that his PDR had been refused. However, even accepting Badeaux's unsworn representation that he received no notice from the court or his attorney prior to the expiration of his statute of limitations in November 2008, he has failed to present sufficient evidence to demonstrate that he acted diligently in filing his state court habeas petition and subsequently this federal petition. While he has consistently represented lack

---

[2]  This is not a case of a state created impediment to Badeaux's ability to timely file his petition. The Court of Criminal Appeals and Ninth Circuit Court of Appeals websites, which are publicly available, reflect the refusal of the PDR on August 22, 2007. Moreover, the record reflects that the October 2, 2007 mandate was forwarded to Badeaux's counsel.

of timely notice,[3] there is no evidence indicating when he actually received notice that his PDR had been refused. Moreover, unlike Hardy, *see* 577 F.3d at 599, there is no evidence that Badeaux regularly inquired about the status of his PDR or otherwise diligently pursued relief during the two year period between finality of his conviction and filing his state habeas petition. Equity does not protect those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The court concludes that equitable tolling does not apply and Badeaux's petition is time-barred.

## B. Alternatively, Badeaux's Petition Should be Denied on the Merits

Even if Badeaux's federal petition were timely, it is without merit. Badeaux asserts six grounds for relief: (1) his trial counsel was ineffective for failing to investigate and failing to call witnesses; (2) the evidence was factually insufficient to support his sexual assault of a child conviction because it was based on a "feigned" incident; (3) the evidence was legally and factually insufficient to support his burglary conviction and the trial court should have granted an instructed verdict; (4) his conviction is based on false outcry testimony; (5) prosecutorial misconduct based on victim's perjured testimony; and (6) prosecutorial misconduct based on introduction of an extraneous offense in his videotaped statement.[4]

---

[3]   *See, e.g.,* July 13, 2009 letter seeking leave to file state habeas petition (Dkt. 12, ex. 4-A).

[4]   Badeaux's motion to supplement his habeas petition (Dkt. 18) is granted. It does not allege additional grounds for relief.

1. **Ineffective Assistance of Counsel**

The court reviews Badeaux's ineffective assistance of counsel claim under the familiar two-part standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a defendant must first show that his counsel's performance was "deficient" by pointing out specific errors "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* The court's scrutiny of counsel's performance is highly deferential; the court presumes that counsel's conduct falls within the wide range of reasonable professional assistance. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

Second, a defendant must demonstrate that his counsel's performance prejudiced his defense. "The focus here is whether a reasonable probability exists that counsel's deficient performance affected the outcome and denied [the defendant] a fair trial." *United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999). Conclusory allegations are insufficient; specific facts must be alleged. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998). Moreover, defense counsel's "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

As to his complaints about counsel's investigation, Badeaux does not show what further investigation would have uncovered and how it would have changed the outcome of the trial. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). His allegation is apparently that through further investigation counsel would have learned that the complainant was

fabricating parts of her story.[5] But Badeaux has failed to present any evidence to support his bald assertion that the complainant gave false testimony. *See Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (citing *Ross v. Estelle*, 694 F.2d 1008 (5th Cir.1983)).

Claims of ineffective assistance based on uncalled witnesses are disfavored because they are largely speculative. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). They are fatally so here, where Badeaux has failed to specifically identify the witnesses or provide any evidence by affidavit or otherwise that they were willing and able to testify to contradict the complainant.

### 2. Factual Insufficiency of Evidence for Sexual Assault of a Child Conviction

Determinations of factual sufficiency of the evidence are strictly a creation of Texas state law and provide no basis for a federal court's evaluation of evidentiary sufficiency. *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002). Thus, this claim for relief must be denied. In any event, Badeaux's factual insufficiency argument regarding the sexual assault conviction is essentially a restatement of his argument that his conviction is based on false outcry evidence, discussed in section D, and is without merit.

### 3. Factual and Legal Insufficiency of Evidence for Burglary Conviction

Again, Badeaux's factual insufficiency of evidence contention is not cognizable on federal habeas review.

To show that the evidence was legally insufficient to support his conviction, Badeaux

---

[5] *See* discussion below in Section D.

must show that "when all the evidence is viewed in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Badeaux argues that there was no evidence that he entered the apartment with the intent to commit assault because he only put his arm through the hole in complainant's bedroom wall in order to put money in her piggy bank.[6] He admitted he cut the hole in the wall, and that he reached through it into complainant's room. He admitted he thought he had touched her once through the hole, but said it was only to move her aside so he could reach the piggy bank.[7] A rational juror could have found evidence sufficient for conviction in Badeaux's own statement and the testimony of Detective Wood.

Badeaux contention that the trial court should have given an instructed verdict because of lack of evidence on each element of the burglary charge does not state a claim for federal habeas relief. Federal courts review habeas corpus petitions only for violations of federal constitutional rights, not for violations of state procedural rules. *Goodrum v. Quarterman*,

---

[6] Under Texas Penal Code § 30.02(a), a person commits burglary if he enters a habitation with intent to commit a felony, theft, or assault. A person commits assault if he " intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. TEX. PEN. CODE ANN. § 22.01(a)(3).

[7] Badeaux first met complainant in the Woodland Meadows apartment complex. When complainant's family moved to a new apartment at The Park at Research Boulevard, Badeaux moved into the apartment directly next door. He slept in a room in his apartment that shared a wall with complainant's. When officer's executed a search warrant at Badeaux's apartment, they found a hold in his wall covered by a poster. The hole was covered by a faceplate at mattress level on complainant's side that could be removed and replaced by Badeaux. Trial Tr. vol. 2, at 211-223.

547 F.3d 249, 261 (5th Cir. 2008).

### 4. Alleged False Outcry

Badeaux has presented no evidence that the outcry complainant made to her mother was false. His argument that the state never proved that his mouth contacted complainant because the "alleged incident could not have occurred because of [the] time line" is unpersuasive. Moreover, the citations provided by Badeaux do not support his argument.[8]

The indictment alleged indecency with a child by contact, and aggravated sexual assault of a child by contact with his mouth. Complainant testified that such contact occurred on several occasions. One time, Badeaux asked the other children in the apartment to go clean up a mess, but told complainant to go with him into another room to talk. Complainant testified that on that occasion Badeaux pulled down her pants, but she kicked him away and ran off before there was sexual contact.[9] Complainant's mother testified that in her outcry, complainant told her about this incident, and that Badeaux "tickled her with his mouth."[10] This minor discrepancy about how Badeaux lured complainant into a bedroom alone on one occasion certainly does not make her outcry, or her trial testimony, false. Perjury is not established by mere inconsistencies between prosecution witnesses' testimony. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).

Complainant described separate occasions on which Badeaux got her alone in a room

---

[8] Badeaux's petition, Dkt. 1, at 7-8, 11-18.

[9] Trial Tr. Vol. 4, at 48-52.

[10] *Id.* at 94-99

8

and licked her, kissed and nibbled on her breast, and touched her genitals both over and under her panties while she was sitting on his lap.[11] The story complainant told at trial was materially consistent with the story she told her mother in her initial outcry, and her testimony supports Badeaux's conviction.

### 5. Prosecutor Misconduct Based on Allegedly False Testimony

To establish a right to relief based on the prosecutor's use of perjured testimony, Badeaux must show (1) the witness's testimony was actually false; (2) the testimony was material; and (3) the prosecutor had knowledge that the witness's testimony was false. *Boyle v. Johnson*, 93 F.3d 180, 185 (5th Cir. 1996). Badeaux cannot meet this burden because he cannot show that complainant's testimony was false.

### 6. Prosecutor Misconduct Based on Introduction of Unedited Videotaped Statement

At trial, the state played a videotaped statement Badeaux gave to the police in which he incriminated himself in an extraneous incident involving his granddaughter. The State admitted it was wrong to introduce the extraneous offense. The State agreed to redact the tape and play it again, but the State again played the unredacted tape, multiplying the error instead of mitigating it. The trial court encouraged the parties to work out a plea bargain, but denied a mistrial.

All grounds raised in a federal application for writ of habeas corpus must first have been "fairly presented" to the highest state court. *Picard v. Connor*, 404 U.S. 270, 275

---

[11] *Id.* at 44-68.

9

(1971). Badeaux sought relief from the trial court's denial of a mistrial on direct appeal and in his state habeas petition. However, Badeaux did not argue in state court that the introduction of the videotaped statement constituted prosecutor misconduct. Were he to do so now, the state court would find the claim procedurally barred by the Texas abuse of writ doctrine. *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, Badeaux is procedurally barred from pursuing this claim in federal court as well. *Id.*

## Conclusion

The court recommends that Badeaux's petition be denied with prejudice at time-barred and alternatively denied with prejudice on the merits.

The court further finds that Badeaux has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on December 8, 2010.

Stephen Wm Smith
United States Magistrate Judge